**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-03050-REB-BNB
(Consolidated with Civil Action No. 10-cv-03051-REB-BNB)

REGINA RESSLER, and
RANDY RESSLER,

    Plaintiffs,

v.

THE BOEING COMPANY, INC.,
BE AEROSPACE, INC., and
BURNS AEROSPACE CORPORATION,

    Defendants.

---

Civil Action No. 11-cv-01832-MSK-MJW

DANIELA ESCUDERO CONTAG, et al,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

---

Civil Action No. 11–cv–01874–WYD–KMT

GLOBAL AEROSPACE, INC., a subrogee of Wilmington Trust Company,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Case No. 11-cv-02253-REB-MJW

MELISSA CRAFT, et al.,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

## ORDER GRANTING MOTION TO CONSOLIDATE

**Blackburn, J.**

The matter before me is **Defendant United States of America's Motion To Consolidate and Certificate of Compliance with D.C.COLO.LCivR 7.1** [#67][1] filed September 8, 2011. I grant the motion.

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, pertinently:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**FED. R. CIV. P.** 42(a).[2] This rule allows the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." ***Breaux v. American Family Mutual***

---

[1] "[#67]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] As the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial, the question whether to consolidate these matters falls to me for determination. *See* **D.C.COLO.LCivR** 42.1.

2

*Insurance Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)). The decision whether to consolidate cases is committed to my sound discretion. ***Shump v. Balka***, 574 F.2d 1341, 1344 (10th Cir. 1978).

All of the cases addressed in the motion to consolidate arise from the crash of Continental Airlines Flight 1404 at Denver International Airport on December 20, 2008. The airplane crashed when it was attempting to takeoff.

***Ressler v. Boeing, et al.***, Civil Action No. 10-cv-03050-REB-BNB, concerns, *inter alia*, products liability claims asserted against manufacturers involved in the construction of the crash aircraft. The plaintiffs in Ressler are two flight attendants who were on the aircraft at the time of the crash and the spouses of those two flight attendants. The Ressler case, Civil Action No. 10-cv-03050-REB-BNB, was consolidated with Civil Action No. 10-cv-03051. I will refer to these two consolidated cases as the Ressler case.

Recently, the United States was added as a defendant in the Ressler case. The claim of the Ressler plaintiffs against the United States concerns the alleged negligence of the Federal Aviation Administration (FAA). The Ressler plaintiffs allege that the FAA was negligent when it failed to disseminate proper wind information to the pilots of the crash aircraft just prior to the attempted takeoff. The United States was added as a defendant after the Ressler plaintiffs' administrative claims concerning their negligence claim against the United States were denied or deemed denied.

The United States seeks to consolidate the Ressler case with three other cases: ***Contag v. United States***, 11-cv-01832-MSK-MJW, ***Global Aerospace, Inc. v. United States***, 11-cv-01874-WYD-KMT, and ***Craft, et al. v. United States***, 11-cv-02253-REB-

3

MJW. In Contag and Craft, the plaintiffs are individuals who were passengers on flight 1404. These plaintiffs alleged that the FAA was negligent in not following its established procedures in relation to flight 1404 and in not properly disseminating current wind information to the pilots of flight 1404 before the attempted takeoff. These plaintiffs allege that the FAA's negligence was a proximate cause of the crash and their injuries.

In Global Aerospace, the plaintiff is the agent and manager of an association of insurance companies that insured the crash aircraft. The crash aircraft was a total loss for which Global Aerospace paid over 19 million dollars in insurance proceeds. In its lawsuit, Global seeks to recover the appraised fair market value of the aircraft from the United States. Global alleges that the FAA was negligent in not following its established procedures in relation to flight 1404 and for not properly disseminating current wind information to the pilots of flight 1404 before the attempted takeoff. Global alleges that the FAA's negligence was a proximate cause of the crash and the loss of the aircraft.

The United States is the only defendant in the Contag, Global Aerospace, and Craft cases. Continental Airlines has been designated as a non-party at fault in the Ressler, Contag, and Global Aerospace cases.

Each of the four cases summarized above involves common questions of law and fact. The cases arise from one airplane crash. The allegations of negligence concerning the United States all are very similar. The claims against the United States all are brought under the Federal Tort Claims Act (FTCA). Under 28 U.S.C. § 1346(b), those claims are controlled by Colorado law. The defendants rely on Colorado law in designating Continental Airlines as a non-party at fault in the Ressler, Contag, and Global Aerospace cases. Allocation of fault among the defendants and the designated non-party at fault is controlled by Colorado law. The product liability claims in the

4

Ressler case concern the same airplane crash, but differ from the claims against the United States, because the product liability claims are asserted against different defendants based on different theories of negligence and strict liability. The products liability claims are similar to the FTCA claims because they also concern a possible allocation of fault to Continental Airlines and the United States. All of the claims in all four of the cases at issue here require an allocation of fault among the various parties and Continental Airlines.

Common questions of law and fact predominate in these four cases such that consolidation will be appropriate and efficacious. To the extent the product liability claims in the Ressler case require treatment different from the FTCA claims against the United States, such different treatment can be accomplished in a consolidated case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant United States of America's Motion To Consolidate and Certificate of Compliance with D.C.COLO.LCivR 7.1** [#67] filed September 8, 2011, is **GRANTED**;

2. That under Fed. R. Civ. P. 42(a)(2) and D.C.COLO.LCivR 42.1, ***Contag v. United States***, Civil Action No. 11-cv-01832-MSK-MJW, ***Global Aerospace, Inc. v. United States***, Civil Action No. 11-cv-01874-WYD-KMT, and ***Craft, et al. v. United States***, Civil Action No. 11-cv-02253-REB-MJW, are **CONSOLIDATED** with Civil Action No.10-cv-03050-REB-BNB for all purposes;

3. That under D.C.COLO.LCivR 42.1, Civil Action No. 11-cv-01832-MSK-MJW and Civil Action No. 11-cv-01874-WYD-KMT, both are **REASSIGNED** to United States District Judge Robert E. Blackburn and United States Magistrate Judge Boyd N. Boland;

    4.  That under D.C.COLO.LCivR 42.1, Civil Action No.11-cv-02253-REB-MJW is **REASSIGNED** to United States Magistrate Judge Boyd N. Boland;

    5.  That all future filings in these consolidated actions shall be captioned as shown below:

---

Civil Action No. 10-cv-03050-REB-BNB
(Consolidated with Civil Action Nos.10-cv-03051-REB-BNB, 11-cv-01832-REB-BNB, 11-cv-01874-REB-BNB, and 11-cv-02253-REB-BNB)

REGINA RESSLER, and
RANDY RESSLER,

    Plaintiffs,

v.

THE BOEING COMPANY, INC.,
BE AEROSPACE, INC.,
BURNS AEROSPACE CORPORATION, and
THE UNITED STATES OF AMERICA,

    Defendants.

---

    Dated October 24, 2011, at Denver, Colorado.

**BY THE COURT:**

*Robert E. Blackburn*
Robert E. Blackburn
United States District Judge